· 368 P.2d 756

**Robert P. WATTERSON and Jean Hoffman, copartners, doing business as Scottsdale Physical Therapy and Rehabilitation Home, Petitioners,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and Kenneth C. Chatwin, Judge of the Superior Court of Maricopa County, and M. E. Ress and Sally Ress, Respondents.**

**No. 7524.**

Supreme Court of Arizona.

En Banc.

Feb. 7, 1962.

Kramer, Roche, Burch & Streich, Phoenix, for petitioners.

McKesson, Renaud & Cook, Phoenix, for respondents.

PER CURIAM.

Petitioners (defendants in a civil action) herein sought the issuance of a writ of mandamus to compel Hon. Kenneth C. Chatwin, a judge of the Superior Court, to issue an order that "a new trial as to all issues" in that action be had. The civil action had been tried to a jury, which failed to reach a verdict. The court declared a mistrial and discharged the jury. Defendants had previously timely moved for a directed verdict. Defendants then moved the court for judgment in accordance with their previous motion for a directed verdict. The trial court denied this motion. Petitioners then urged that the court's only alternative was to enter an order for "a new trial" under Rule 50(b).[1] The court declined to enter that specific order, but

---

1. "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within ten days after the reception of a verdict, a party

made a minute entry directing that "said cause is hereby returned to the administrator's office of the Superior Court of Maricopa County to be placed on the calendar for resetting in due course," which in effect ordered that the case be tried again.

■ Petitioners state that such an order leaves them in limbo should they desire to appeal. They point out that under A.R.S. § 12–2101(F) (1)[2] an order for a new trial is an appealable order, although a denial of their motion for judgment in accordance with motion for directed verdict obviously does not furnish the basis for an appeal.

■ Rule 50(b) and Rule 39(g)[3] both deal with further procedure when a jury has been unable to agree on a verdict. The latter states that after the jury has been discharged, "the action may be *tried again*", while 50(b) states that the court "may

*order a new trial.*" Reading these two rules together, we are of the opinion that they are designed to give the trial court the right to decline to make a final decision upon which a judgment could be based, and to have the case retried in order to reach a final determination. Section 12–2101(F) (1), on the contrary contemplates a situation where there has been a determination of facts or a final determination of the cause on a point of law which would ordinarily result in a judgment, then the dissatisfied party or parties may move for a new trial.

■ In this instant matter, there being no final determination by the jury on the facts upon which a judgment could have been entered, the court declined to make such determination, and merely put into effect a procedure to insure that the case would be tried again with the expectation

---

who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict, or if a verdict was not returned such party, within ten days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may re-open the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as

if the requested verdict had been directed or may order a new trial." Rule 50(b), 16 A.R.S. Rules of Civil Procedure (1956).

2. This section specifically states that an order "granting or refusing a new trial" is an appealable order.

3. "The jurors may, after the action is submitted to them, be discharged by the court when they have been kept together for such time as to render it altogether improbable that they can agree, or when a calamity, sickness or accident may, in the opinion of the court, require it. When a jury has been discharged without having rendered a verdict the action may be tried again." Rule 39(g), 16 A.R.S. Rules of Civil Procedure (1956).

that at that time a final decision on the facts would be reached. We are of the opinion that this was entirely proper. Since the judge obviously in his discretion refused to assume the fact-finding functions of the jury, it was his right and duty to see that the case be retried, and there is therefore no "ministerial duty" left unperformed. For this reason mandamus will not lie.